Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V ESPECIAL

| | | |
|---|---|---|
| MARÍA ANGÉLICA PASTOR ESCOBAR<br><br>*Recurrida*<br><br>v.<br><br>JOSÉ YAMIL BÁEZ MELÉNDEZ Y OTROS<br><br>*Peticionario* | KLCE202301299 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV00120 (705)<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) y otros |

Panel integrado por su presidente; el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2024.

Comparece ante nos el señor José Yamil Báez Meléndez, (señor Báez Meléndez o peticionario) mediante recurso de *Certiorari* y solicita la revisión de la *Resolución* emitida el 14 de noviembre de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Moción de Desestimación* presentada por el peticionario.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *certiorari* solicitado.

## I.

El 20 de enero de 2022, la señora María Angélica Pastor Escobar (señora Pastor Escobar o recurrida) presentó una *Demanda*[1] de *injunction* y sentencia declaratoria contra el señor

---

[1] Apéndice del recurso de *certiorari*, págs. 1-43. En esta misma fecha, la señora Pastor Escobar presentó una *Solicitud de Entredicho Provisional e Interdicto Preliminar*. El 21 de enero de 2022, notificada el 24 del mismo mes y año, el TPI emitió *Resolución* mediante la cual declaró *No Ha Lugar* a la solicitud de entredicho provisional.

Báez Meléndez. En síntesis, alegó que el señor Paul Escobar Juárez (señor Escobar Juárez o causante)[2] era el único dueño y accionista de la corporación Escotech, Inc. y mediante testamento la instituyó como heredera universal de todos sus bienes. Arguyó que el peticionario fungió como testigo instrumental en la aludida escritura.

Señaló, además, que días antes de la muerte del señor Escobar Juárez, el peticionario, que era empleado de la corporación, gestionó la preparación y firma de una Resolución Corporativa mediante la cual el causante lo designó como Presidente y alegaba ser el dueño de las acciones por virtud de una donación. Sostuvo que la alegada donación, de haberse efectuado, era nula, pues el ordenamiento jurídico requiere que las donaciones verbales de bienes muebles se efectúen mediante la entrega simultánea de las acciones, lo cual no ocurrió en este caso. A su vez, indicó que el peticionario se apropió de los bienes, libros y documentos de la corporación y les negó el acceso a estos.

Por todo lo anterior, la señora Pastor Escobar solicitó los siguientes remedios: 1) que se dictara sentencia a los fines de declarar que ésta era la única titular de las acciones de la corporación; 2) que se ordenara al peticionario a entregar todos los bienes y documentos pertenecientes al señor Escobar Juárez y a la corporación; y 3) que se le ordenara al peticionario a abstenerse de llevar a cabo gestiones dirigidas a asumir la dirección y titularidad de la corporación.

Luego de varios trámites procesales, el 23 de febrero de 2022, el señor Báez Meléndez presentó una *Solicitud de Desestimación*[3] al amparo de la Regla 10.2 de las de Procedimiento Civil[4]. En esta,

---

[2] Surge de la demanda que el causante era el tío de la parte aquí recurrida.
[3] Apéndice del recurso de *certiorari*, págs. 47-65.
[4] 32 LPRA Ap. V, R. 10.2.

adujo que la demanda carecía de una reclamación que justificara la concesión de un remedio. Además, argumentó que la Resolución Corporativa y la donación verbal de las acciones se realizaron conforme a derecho, por lo que, los remedios solicitados en la demanda eran improcedentes. Señaló que no existía impedimento alguno para que el señor Escobar Juárez le donara las acciones de la corporación, toda vez que la señora Pastor Escobar no era una heredera forzosa y el causante podía disponer de su caudal sin limitación alguna. Por último, señaló que no era necesaria la entrega física de las acciones para que la donación fuera válida y eficaz. Por tanto, solicitó la desestimación de la causa de acción en su contra.

Por su parte, el 13 de marzo de 2022, la señora Pastor Escobar presentó *Oposición Solicitud de Desestimación*[5]. En esencia, alegó que la pretensión del peticionario en su solicitud de desestimación era que el foro primario ignorara la normativa vigente sobre el requisito de simultaneidad de la transferencia de las acciones cuando se realiza una donación verbal. Así, señaló que no procede la desestimación de la demanda, toda vez que el peticionario no ha logrado demostrar que la donación de las acciones de la corporación se efectuó conforme a derecho.

El 13 de junio de 2022, se celebró una Vista Argumentativa sobre la solicitud de desestimación presentada por el señor Báez Meléndez. Evaluados los planteamientos de ambas partes, el 29 de junio de 2022, notificada al siguiente día, el foro primario emitió *Resolución*, en la que declaró No Ha Lugar la solicitud de desestimación por entender que no procedía en esa etapa de los procedimientos[6]. El foro recurrido determinó que las alegaciones contenidas en la demanda exponen dos (2) controversias, a saber:

1. Si, en efecto, el Sr. Escobar le donó verbalmente las acciones al Sr. Báez.

---

[5] Apéndice del recurso de *certiorari*, págs. 66-81.
[6] Apéndice del recurso de *certiorari*, págs. 104-111.

2. Si la donación verbal cumplió con los requisitos legales para su validez; es decir, si la donación verbal, de haber ocurrido, es válida.

El 13 de julio de 2022, el señor Báez Meléndez presentó su *Contestación a la Demanda*[7], en la cual arguyó que la donación de las acciones hechas a su favor por el señor Escobar Juárez era legal. Sostuvo que no era necesaria la entrega del certificado de acciones, por cuanto las acciones no eran un objeto sino un derecho. Alegó que, el 20 de septiembre de 2019, las acciones le fueron donadas verbalmente y que dicho acto fue reiterado mediante una Resolución Corporativa firmada el 14 de mayo de 2021 por el entonces presidente de la corporación, el señor Escobar Juárez.

Posteriormente, el 2 de junio de 2023, el señor Báez Meléndez presentó *Moción de Desestimación y Moción de Sentencia Sumaria*[8]. En esta, argumento que múltiples alegaciones de la demanda iban dirigidas a Escotech, Inc., por lo que no se podía dilucidar la controversia sin su presencia, ya que los remedios solicitados podían afectar adversamente a dicha corporación. Señaló, además, que lo solicitado por la recurrida pretendía descorrer el velo corporativo e invalidar una resolución corporativa. Por tal motivo, reiteró que Escotech, Inc. debía ser incluida como parte demandada, y no solamente su actual presidente y único accionista en su carácter personal. El peticionario acompañó su moción con los siguientes documentos: 1) página 34 de deposición al señor Báez Meléndez; 2) testamento abierto otorgado el 12 de septiembre de 2019 por el señor Escobar Juárez; 3) páginas 246-249 y 282 de deposición a la señora Pastor Escobar; 4) páginas 123-124 de deposición a la señora Addie Andreu Pérez; 5) Resolución de Escotech, Inc., suscrita por el señor Escobar Juárez con fecha de 14 de mayo de 2021[9].

---

[7] Apéndice del recurso de *certiorari*, págs. 112-122.
[8] Apéndice del recurso de *certiorari*, págs. 127-146.
[9] Apéndice del recurso de *certiorari*, págs. 147-167.

En respuesta, el 22 de junio de 2023, la señora Pastor Escobar presentó *Oposición a Moción de Desestimación y a Solicitud de Sentencia Sumaria*[10]. Alegó que la solicitud de desestimación procuraba desviar la atención de la controversia medular sobre si la donación verbal de las acciones cumple o no con las disposiciones legales exigibles. Añadió que la desestimación de la demanda no procede porque Escotech, Inc. no es parte indispensable en el pleito, por no cuestionarse resolución corporativa alguna. Por último, alegó que, el peticionario en su escrito no discutió ninguno de los elementos para demostrar cuál es el interés que tiene la corporación en el pleito, que sea de tal magnitud que imposibilitara al tribunal adjudicar la controversia, sin lesionar sus derechos. La recurrida acompañó su moción con los siguientes documentos: 1) testamento abierto otorgado el 12 de septiembre de 2019 por el señor Escobar Juárez; 2) Certificado de Cancelación de Gravamen Contributivo (Relevo de Donación); 3) páginas 101-104 y 110-111 de deposición a peticionario[11].

Tras varias incidencias, el 1 de noviembre de 2023, el señor Báez Meléndez compareció ante el foro primario mediante una *Moción Solicitando Orden Protectora de Conformidad con la Regla 23.2 de las de Procedimiento Civil*[12], a los fines de que no se permitiera la continuación del descubrimiento de prueba solicitado por la recurrida. En esta misma fecha, el peticionario presentó nuevamente una solicitud de *Sentencia Sumaria a Favor de la Parte Demandada*[13].

---

[10] Apéndice del recurso de *certiorari*, págs. 187-213.
[11] Apéndice del recurso de *certiorari*, págs. 214-229.
[12] Apéndice del recurso de *certiorari*, págs. 627-630.
[13] Véase, Entrada Núm. 216 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 7 de noviembre de 2023, el foro primario celebró una Vista Argumentativa en la que ordenó completar el descubrimiento de prueba y sustentar la evidencia que tienen en derecho[14].

El 8 de noviembre de 2023, el señor Báez Meléndez presentó un escrito intitulado *Solicitud De Adjudicación de la Moción de Desestimación por Ausencia de Jurisdicción, Moción de Reconsideración a la Solicitud de Orden Protectora Declarada No Ha Lugar de Forma Verbal y Solicitud de Determinación de los 25 Hechos Admitidos Por Las Partes*[15]. El peticionario solicitó, entre otras cosas, que se adjudicara la moción de desestimación por ausencia de jurisdicción y reconsiderara la denegatoria de la orden protectora solicitada.

En igual fecha, la recurrida compareció mediante *Oposición de la Demandante a Moción de Reconsideración de Orden Protectora y en Torno a Solicitud de Determinaciones de Hechos [222]; y Solicitud de Desacato y Sanciones al Demandado*[16]. En esencia, reiteró sus planteamientos y arguyó que la controversia del caso era entre partes privadas que alegaban ser los accionistas de una corporación, y no una impugnación de la resolución corporativa; de igual manera, se opuso a la moción de orden protectora. Así, solicitó que se sancione al peticionario en una suma no menor a $5,000.00 ante el continuo incumplimiento con lo ordenado por el foro primario desde el 17 de marzo de 2023, reiterada el 7 de noviembre de 2023.

El mismo 8 de noviembre de 2023, el TPI emitió una *Orden*[17], notificada el 9 de noviembre de 2023, en la que declaró No Ha Lugar a la moción de reconsideración sobre orden protectora promovida por el peticionario.

---

[14] Véase, Entrada Núm. 232 del SUMAC.
[15] Apéndice del recurso de *certiorari*, págs. 637-651.
[16] Véase, Entrada Núm. 224 del SUMAC.
[17] Apéndice del recurso de *certiorari*, pág. 663.

Así las cosas, el 9 de noviembre de 2023, el TPI celebró una Vista Argumentativa, en la cual ambas partes tuvieron la oportunidad de presentar sus argumentos y sustentar sus alegaciones. El foro primario se limitó a atender el cuestionamiento de falta de jurisdicción por ausencia de parte indispensable. En consecuencia, el 14 de noviembre de 2023, notificada el 15 de noviembre de 2023, el Tribunal emitió una *Resolución*[18], en la que declaró No Ha Lugar la solicitud de desestimación por falta de parte indispensable presentada por el peticionario.

Por otro lado, el 16 de noviembre de 2023, la señora Pastor Escobar presentó su *Oposición de la Demandante a Moción de Sentencia Sumaria del Demandado*[19]. En esencia, la recurrida alegó que en el presente caso el peticionario no ha logrado probar en sus solicitudes de sentencia sumaria –mediante evidencia admisible– que se haya cumplido con las exigencias legales referentes a una donación verbal de bienes muebles entre vivos. Específicamente, señaló que los extractos de testimonios constituyen prueba de referencia inadmisible y no cambian el hecho de que el señor Escobar Juárez nunca le entregó el certificado de acciones al peticionario y su última voluntad está recogida en el testamento abierto.

Inconforme, el 21 de noviembre de 2023, el señor Báez Meléndez acudió ante nos mediante el recurso de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL AL RESOLVER NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN POR AUSENCIA DE UNA PARTE INDISPENSABLE, LA CORPORACIÓN ESCOTECH, DEBIDO A QUE EN LA DEMANDA SE SOLICITA DECRETAR LA NULIDAD DE UNA RESOLUCIÓN CORPORATIVA NOMBRANDO AL DEMANDADO PETICIONARIO PRESIDENTE DE LA CORPORACIÓN Y ÚNICO ACCIONISTA.
>
> ERRÓ EL HONORABLE TRIBUNAL AL DENEGAR LA MOCIÓN PROTECTORA Y PARALIZAR EL DESCUBRIMIENTO DE PRUEBA

---

[18] Apéndice del recurso de *certiorari*, págs. A1-A10.
[19] Apéndice del recurso de *certiorari*, págs. 664-686.

DEBIDO A QUE EL CASO ESTÁ SOMETIDO POR LAS PARTES EN MOCIONES DE SENTENCIAS SUMARIAS.

ERR[Ó] EL TRIBUNAL AL SEÑALAR UNA VISTA EVIDENCIARIA PARA DECIDIR EL CASO EN SU TOTALIDAD DESCONOCIENDO QUE DEBE ADJUDICAR LAS MOCIONES DE SENTENCIA SUMARIA.

ERR[Ó] EL HONORABLE TRIBUNAL AL DENEGAR LA SEGUNDA SOLICITUD DE INHIBICIÓN RESUELTA EL 24 DE OCTUBRE DE 2023, DADOS LOS HECHOS Y RESOLUCIONES EMITIDAS LUEGO DE LA VISTA DEL 28 DE [SEPTIEMBRE] DE 2023.

En esta misma fecha, el peticionario presentó una *Moción en Auxilio de Jurisdicción.* En síntesis, alegó que el foro primario está actuando sin jurisdicción debido a que la corporación Escotech, Inc. es una parte indispensable que no ha sido incluida en el pleito. Por tanto, el peticionario solicitó la paralización de los procedimientos ante este foro revisor. El 21 de noviembre de 2023, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de auxilio presentada y concedimos un término de diez (10) días a la recurrida para para presentar su posición.

Luego, el 27 de noviembre de 2023, el peticionario presentó nuevamente una *Moción Urgente Solicitando Orden en Auxilio de Jurisdicción ante Resolución del Tribunal de Primera Instancia.* Por su parte, el 28 de noviembre de 2023, la recurrida compareció ante nos, mediante escrito en oposición a la moción de auxilio de jurisdicción. En esta misma fecha, emitimos *Resolución*[20] en la que declaramos No Ha Lugar la moción en auxilio de jurisdicción.

El 1 de diciembre de 2023, la recurrida compareció mediante *Oposición a que se expida Auto de Certiorari.* Posteriormente, el 25 de enero de 2024, el peticionario presentó *Moción Informativa,* en la que nos puso en conocimiento de la inhibición *motu propio* de la Hon. Jueza Superior, Myrna E. Ayala Díaz.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[20] Dicha *Resolución* fue emitida el 28 de noviembre de 2023.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[21]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[22]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[23]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[24].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[25]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[26]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[27].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra*, pueden ser objeto

---

[21] *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005).

[22] *Íd.*

[23] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712-713 (2019).

[24] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia*, 154 DPR 79, 91 (2001).

[25] 32 LPRA Ap. V, R. 52.1.

[26] *800 Ponce de León v. AIG, supra*, pág. 175.

[27] *Íd.*

de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento[28]. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[29]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[30]. Es preciso recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera[31]".

---

[28] 4 LPRA XXII-B, R. 40.

[29] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[30] *IG Builders et al. v. BBVAPR, supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

[31] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

**III.**

Tras examinar detenidamente el asunto ante nuestra consideración, a la luz de las disposiciones de la Regla 40 del Tribunal de Apelaciones, *supra*, no encontramos razón por la cual este Foro deba intervenir.

Al evaluar el proceder del foro primario, no identificamos que haya actuado de manera arbitraria, prejuiciada o haya cometido un craso abuso de discreción. El peticionario tampoco constató que el abstenernos de interferir con el dictamen del TPI constituiría un fracaso irremediable de la justicia, de manera que estemos llamados a ejercer nuestra función revisora. En consecuencia, denegamos la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones