En el Tribunal Supremo de Puerto Rico

| ANTONIO FELIBERTY PADRO | Certiorari |
| Recurrido | |
| | 99TSPR32 |
| V. | |
| | |
| JOSE JOAQUIN PIZARRO ROHENA, MIGDALIA LANDRAU PEREZ Y LA SOC. LEGAL DE GANANCIALES COMPUESTA POR AMBOS | |
| | |
| Peticionarios | |

Número del Caso: CC-98-915

Abogados de la Parte Peticionaria: Lic. Máximo R. Ruidíaz

Abogados de la Parte Recurrida: Lic. María Laura Colón

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de Carolina

Juez del Tribunal de Primera Instancia: Hon. Sonsire Ramos Soler

Tribunal de circuito de Apelaciones: VII Carolina y Fajardo

Juez Ponente: Hon. Salas Soler

Panel integrado por: Pres. Juez Arbona Lago y los Jueces Negroni Cintrón y Salas Soler

Fecha: 3/24/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Antonio Feliberty Padró

    Recurrido

    v.

José Joaquín Pizarro Rohena,
Migdalia Landrau Pérez y la
Soc. Legal de Gananciales
compuesta por ambos

    Peticionarios

CC-98-915

PER CURIAM

San Juan, Puerto Rico, a 24 de marzo de 1999.

I

El 1 de febrero de 1995, el recurrido Antonio Feliberty Padró, presentó demanda de injunction y liquidación de sociedad por desavenencias con su socio José J. Pizarro Rohena, el peticionario ante nos, la cual fue enmendada el 2 de febrero de 1995, ante el Tribunal de Primera Instancia, Subsección Superior, Sala de Carolina.

Luego de varios trámites procesales, se celebró la vista en su fondo sobre injuction permanente. La juez de instancia dictó sentencia el 12 de mayo de 1998, imponiéndole responsabilidad al demandado, disolviendo la sociedad y estableciendo un procedimiento

específico para su liquidación.

Inconformes con el dictamen, ambas partes acudieron oportunamente en apelación ante el Tribunal de Circuito de Apelaciones. Los recursos fueron consolidados y dicho foro, entendiendo que el dictamen recurrido era una resolución y no una sentencia, los acogió como peticiones de certiorari y, mediante Resolución de 8 de octubre de 1998, notificada el 21 de octubre de 1998, denegó la expedición del auto amparándose en la discreción que le confiere la Ley de la Judicatura y su Reglamento para atender ese tipo de recursos.

Solicitando la revisión de dicha resolución, acudió ante nos la parte peticionaria de epígrafe mediante recurso de certiorari presentado el 20 de noviembre de 1998.[1] Posteriormente, el 21 de diciembre de 1998, dicha parte solicitó la paralización de los procedimientos ante el foro de instancia mediante Moción en Auxilio de Jurisdicción.

El 24 de diciembre de 1998, emitimos resolución ordenando a la parte recurrida que mostrara causa por la cual no debíamos dejar sin efecto la resolución emitida por el Tribunal de Circuito de Apelaciones y ordenarle a dicho foro que acoja las apelaciones allí presentadas por ambas partes y las atienda en sus méritos.

En cumplimiento con la orden emitida por este Tribunal, la parte recurrida compareció el 19 de enero de 1999. En su comparecencia, manifiesta estar de acuerdo con el curso de acción intimado y, al igual que la parte peticionaria, solicita la revocación de la resolución emitida por el tribunal apelativo. Estamos en posición de resolver.

II

El Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, dispone en su parte pertinente:

**"§ 22k. Competencia del Tribunal del Circuito de Apelaciones; revisión de las decisiones del Tribunal de Primera Instancia.**

---

[1]El recurso plantea los siguientes señalamientos de error:

Erró el panel del Tribunal de Circuito de Apelaciones al resolver que el dictamen apelado trata en realidad de una resolución que adjudicó algunas controversias preliminares a la liquidación total del pleito y no de una sentencia final y al concluir que estamos ante un trámite de *certiorari* y no de apelación.

En el caso de que estuviéramos ante un trámite de *certiorari* y no de apelación, lo cual objetamos, erró el panel del Tribunal de Circuito de Apelaciones al resolver que al tramitar la causa conforme corresponde al *certiorari* procede denegar la expedición del recurso solicitado debido a que el mismo no cumple con los criterios para su expedición, según establecidos en la Regla 40 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A.

Erró el Panel del Tribunal de Circuito de Apelaciones al disponer de la apelación radicada por el peticionario mediante un (cont.) proceso impreciso y oscuro que tiende a perjudicarlo indebidamente y que le niega su derecho constitucional al debido proceso de ley.

El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:

> (a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición." 4 L.P.R.A. Sec. 22k (Supl. 1998).[2]

A diferencia de los recursos discrecionales de certiorari, el Tribunal de Circuito de Apelaciones viene obligado a atender todas las apelaciones presentadas, a menos que carezca de jurisdicción, o por craso incumplimiento con la ley y reglas aplicables en su perfeccionamiento, falta de diligencia o frivolidad. 32 L.P.R.A. Ap. III R. 53.1(*l*).

El tribunal apelativo acogió las apelaciones instadas por ambas partes como peticiones de certiorari, al considerar la sentencia emitida por el tribunal de instancia como una resolución interlocutoria. Entendió que el minucioso proceso de liquidación de la sociedad establecido por el foro apelado dejaba algunas controversias sin resolver. No tiene razón.

La Regla 43.1 de Procedimiento Civil define la sentencia como "cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse". 32 L.P.R.A. Ap. III R. 43.1. A tenor con lo anterior, hemos dicho que "[u]na sentencia es final o definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en forma tal que no queda pendiente nada más que la ejecución de la sentencia." *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642,

---

[2]Véase además la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53.1.

655 (1987); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20 (1986); *Cortés Román v. E.L.A.*, 106 D.P.R. 504, 509 (1977); *Dalmau v. Quiñones*, 78 D.P.R. 551, 556 (1955).

El dictamen del tribunal de instancia, intitulado "Relación del Caso, Determinaciones de Hecho; Conclusiones de Derecho y Sentencia" fue emitido el 12 de mayo de 1998, y notificado el 19 del mismo mes y año. Notamos a modo ilustrativo que el volante de notificación utilizado fue el reservado para la notificación de sentencias, mediante el cual se apercibe a las partes del derecho a instar un recurso de apelación. Mas importante aún, el sustancioso dictamen de diecisiete (17) páginas constituye una adjudicación final de la controversia entre las partes, en el que **se ordena la disolución de la sociedad, se establece un procedimiento para su liquidación y se le impone responsabilidad a los codemandados, aquí peticionarios, condenándoles al pago de la mitad de todos los gastos no autorizados, más el interés legal desde el momento de la utilización ilícita del capital social hasta la fecha de la sentencia. Esta suma asciende a una cantidad cercana a los doscientos mil dólares ($200,000.00). Además, se le impusieron a éstos honorarios de abogado por temeridad en la litigación del caso.**

La controversia ante el foro de instancia consistía en determinar si procedía el *injunction* y la disolución de la sociedad que las partes constituyeron. De proceder la disolución, era necesario que se decretara la liquidación. Disuelta la sociedad y ordenada su liquidación mediante la sentencia emitida por el tribunal de instancia, quedaron adjudicadas las controversias entre las partes. Los pormenores en el proceso de liquidación no representan controversias reales por adjudicar; estas caen en el ámbito del procedimiento posterior a la sentencia de la ejecución.[3]

---

[3]La Regla 51.1 dispone en su parte pertinente que: "[l]a parte a cuyo favor se dicte la sentencia, podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ser firme la misma. 32 L.P.R.A. Ap. III R. 51.1. Asimismo, la Regla 51.3 establece que:

> "(a) Si una sentencia le ordenare a una parte transferir
> el dominio de terrenos y otorgar escrituras y otros

Ciertamente, a menos que un dictamen judicial preserve el *statu quo* antes de instada una reclamación, las sentencias requerirán la realización de actos específicos por las partes afectadas en el dictamen para que pueda darse efectividad a lo ordenado por el tribunal. Esta realidad es reconocida por la Ley de la Judicatura en su Art. 4.002, en donde se señala que la presentación de la apelación suspenderá los procedimientos ante el tribunal de instancia y que cualquier cuestión no comprendida en la apelación podrá continuar considerándose en dicho foro.[4]

Evidentemente erró el foro apelativo al acoger los recursos presentados como peticiones de certiorari y discrecionalmente denegar su expedición. El dictamen emitido por el Tribunal de Primera Instancia constituye una adjudicación final del asunto litigioso entre las partes y, como tal, corresponde ser revisado mediante el mecanismo de apelación. Por lo tanto, dicho foro intermedio carecía de discreción y venía obligado a atender los escritos de apelación y resolverlos en sus méritos.

En vista de lo anterior, se expide el auto solicitado, se revoca la Resolución de 8 de octubre de 1998 recurrida y se ordena al Tribunal de Circuito de Apelaciones que atienda en los méritos los recursos de apelación presentados.

Se dictará Sentencia de conformidad.

---

documentos, o realizar cualquier otro acto específico, y dicha parte dejare de cumplir dicha orden dentro del término especificado, el tribunal podrá ordenar que el acto se realice por otra persona por él designada, a expensas de la parte que incumple y cuando se haya realizado, tendrá el mismo efecto que si hubiere sido ejecutado por la parte". 32 L.P.R.A. Ap. III R. 51.3."

[4]"La presentación de un escrito de apelación ante el Tribunal de Circuito de Apelaciones en casos civiles (Cont.) suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida motu proprio o a solicitud de parte por el Tribunal de Circuito de Apelaciones, y según se dispone en las Reglas de Procedimiento Civil. Cualquier cuestión no comprendida en la apelación podrá continuar considerándose en el Tribunal de Primera Instancia." 4 L.P.R.A. Sec. 22k (Supl. 1998).



EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Antonio Feliberty Padró

     Recurrido

     v.

                                  CC-98-915

José Joaquín Pizarro Rohena,
Migdalia Landrau Pérez y la
Soc. Legal de Gananciales
compuesta por ambos

     Peticionarios



SENTENCIA


San Juan, Puerto Rico, a 24 de marzo de 1999.

     Por los fundamentos expuestos en la Opinión Per Curiam precedente, la cual se hace formar parte de esta sentencia, se revoca la Resolución de 8 de octubre de 1998 recurrida y se ordena al Tribunal de Circuito de Apelaciones que atienda en los méritos los recursos de apelación presentados.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                           Isabel Llompart Zeno
                   Secretaria del Tribunal Supremo