Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| BEVERLY SIERRA ALBERTORIO, NOEL SANTOS MONTES<br><br>Recurridos<br><br>v.<br><br>JAIME ANTONIO SIERRA ALBERTORIO, MR. PELICAN RESTAURANT AND TAPAS, INC.<br><br>Peticionarios | KLCE202400265 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: PO2019CV00389 (602)<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de marzo de 2024.

Comparecen ante este Tribunal de Apelaciones, el Sr. Jaime Antonio Sierra Albertorio, Mr. Pelican Restaurant and Tapas, Inc. (en conjunto la parte peticionaria) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (el TPI) el 4 de febrero de 2024, notificada al día siguiente. En el referido dictamen, se declaró *No Ha Lugar* a la *Moción de Desestimación …,* presentada por la parte peticionaria.

Junto con el recurso la parte peticionaria acompañó una *Moción en Auxilio de Jurisdicción…* solicitando la paralización de los procedimientos.[1]

---

[1] Además, presentó una *Moción Solicitando que se emita Resolución al Amparo de la Regla 34 (E)(2) del Reglamento del Tribunal de Apelaciones de Puerto Rico* la que, conforme con lo aquí resuelto, declaramos No Ha Lugar.

Por los fundamentos que detallamos a continuación, denegamos la expedición del recurso solicitado y; en consecuencia, declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción.

**I.**

El 6 de febrero de 2019, la Sra. Beverly Sierra Albertorio, el Sr. Noel Santos Montes y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto la parte recurrida) presentaron una *Demanda* alegando que la parte peticionaria incumplió un contrato para un negocio de comida en el Municipio de Ponce.[2] La parte peticionaria contestó la demanda negando los hechos esenciales e instó reconvención.

Luego de varios trámites procesales, los cuales no son necesarios consignar en el presente recurso, el 26 de septiembre de 2023 la parte peticionaria presentó una moción intitulada *Moción de desestimación por falta de parte indispensable y por tener una reclamación que no justifica la concesión de un remedio bajo la Regla de Procedimiento Civil 10.2 y en torno a Minuta y Resolución notificada el 18 de agosto de 2023*. En esencia, señalaron que la Corporación Centro Cardiovascular de Camuy, C.S.P., es parte indispensable debido a que los fondos que se usaron para realizar las labores y todos los trámites para la preparación del negocio Mr. Pelican procedían de dicha corporación. Por otro lado, se indicó que, tomando los hechos de la demanda enmendada como ciertos, estos no exponen una causa de acción que justifique la concesión del remedio, ya que son alegaciones "totalmente insuficientes, en vista de que se basan en inferencias, especulaciones, conclusiones de derecho y prueba de referencia inadmisible; no en el conocimiento personal de los co-demandantes."[3]

---

[2] Ese mismo día, se incoó la Demanda Enmendada. Véase, Entrada Núm. 2 del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase, Entrada Núm. 234 de SUMAC, a las págs. 26-27.

El 4 de diciembre de 2023, la parte recurrida presentó su oposición a la solicitud desestimatoria.[4] El 4 de febrero de 2024, notificada al día siguiente, el TPI declaró *no ha lugar* dicho petitorio desestimatorio.[5] De igual manera, en dicho dictamen declaró *no ha lugar* a la solicitud de desestimación de la reconvención que presentara la parte recurrida.

Inconforme, la parte peticionaria acude ante esta *Curia* mediante el recurso de epígrafe imputándole al foro *a quo* haber cometido el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE PONCE AL: (A) DECLARAR NO HA LUGAR Y NO RESOLVER LA MOCIÓN DE CARÁCTER DISPOSITIVO DE DESESTIMACIÓN EN CUANTO A TODAS LAS RECLAMACIONES INCORPORADAS EN LA DEMANDA ENMENDADA PRESENTADA POR LA PARTE RECURRIDA CUANDO DICHA PARTE RECURRIDA NO PRESENTÓ ARGUMENTO VÁLIDO PARA DEJAR SIN EFECTO NI PARA JUSTIFICAR LA OPOSICIÓN POR LO QUE PRECEDÍA SE DICTARA SENTENCIA DE DESESTIMACIÓN EN LOS MÉRITOS CON PERJUICIO.

En atención a la determinación arribada, determinamos prescindir de trámite ulterior según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). Esta norma provee para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

Así, analizado el escrito, y el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), resolvemos.

## II.

**Auto de *Certiorari***

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso discrecional del *certiorari* es

---

[4] *Íd.*, Entrada Núm. 257.
[5] *Íd.*, Entrada núm. 278.

el mecanismo adecuado para solicitar la revisión de las órdenes y las resoluciones dictadas por el Tribunal de Primera Instancia, entre ellas la denegatoria de una moción de carácter dispositivo. Aun cuando un asunto esté comprendido dentro de las materias que podemos revisar, de conformidad con la Regla 52.1 de las de Procedimiento Civil, *supra*, previo a ejercer debidamente nuestra facultad revisora sobre un caso, es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento (4 LPRA Ap. XXII-B) se justifica nuestra intervención, pues distinto al recurso de apelación, **este tribunal posee discreción para expedir el auto** el *certiorari*. *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).[6] Así, pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Íd.*[7]

A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari. I.G. Builders et al. v. BBVAPR, supra.* Dicha regla establece lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[6] Citas omitidas.
[7] Citas omitidas.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y, por tanto, deberá prevalecer la determinación del foro recurrido.

En síntesis, estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por otro lado, el ejercicio de las facultades de los tribunales de primera instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000).

**III.**

Como indicamos, la parte peticionaria planteó que erró el TPI al no desestimar la demanda por falta de parte indispensable y por carecer de una causa de acción que amerite la concesión de un remedio.

Como cuestión de umbral, por tratarse de la denegación de una moción dispositiva, el recurso cumple con los criterios de la Regla 52.1 de las Reglas de Procedimiento Civil, antes citada. Sin embargo, examinado el recurso ante nuestra consideración al palio de la Regla 40 de nuestro Reglamento, *supra*, concluimos que no procede su expedición, ya que no están presentes ningunos de sus criterios. Además, de una lectura del escrito, no surge ningún argumento que demuestre que el foro recurrido haya actuado con algún grado de prejuicio o parcialidad, ni que incurriera en un craso abuso de discreción o que se equivocara en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[8] A su vez, destacamos que las alegaciones de la demanda enmendada son sencillas y exponen una reclamación que justifican la concesión de un remedio.

En vista de ello, y siendo el auto de *certiorari* uno que descansa en la sana discreción de este tribunal, entendemos que en este caso no se justifica su expedición.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* y se declara *No Ha Lugar* a la moción en auxilio de jurisdicción.

Notifíquese inmediatamente.

---

[8] Aunque la parte peticionaria señaló en el error que la parte recurrida no presentó argumentos válidos para justificar la oposición, del recurso no surge argumento al respecto. El TPI evaluó los escritos ante su consideración y resolvió las mociones dispositivas presentadas por las partes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.



LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones