Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (I)

| | | |
|---|---|---|
| RICARDO HATTON RENTAS<br><br>Recurrido<br><br>v.<br><br>BLANCA SÁEZ ORTIZ Y OTROS<br><br>Peticionaria | KLCE202400359 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: GB2023CV00049 (701)<br><br>Sobre: Persecución maliciosa, libelo, calumnia o difamación |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Salgado Schwarz y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparece ante este tribunal apelativo la Sra. Blanca Sáez Ortiz (señora Sáez Ortiz o la peticionaria) mediante la *Petición de Certiorari* de epígrafe solicitándonos que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 21 de febrero de 2024, notificada el día siguiente. Mediante este dictamen, el foro primario dio por admitidas las cuestiones incluidas en el Requerimiento de Admisiones remitido por el Sr. Ricardo Hatton Rentas (el señor Hatton Rentas o el recurrido) el 25 de octubre de 2023.

Por los fundamentos que expondremos a continuación, determinamos denegar el auto de *certiorari* solicitado.

**I.**

El caso que nos ocupa tiene su génesis el 25 de enero de 2023 con la presentación, por el señor Hatton Rentas, de la demanda sobre persecución maliciosa y difamación en contra de la

peticionaria; así como otros codemandados. Posteriormente, instó una demanda enmendada, la cual fue contestada por la señora Sáez Ortiz.

Luego de múltiples trámites procesales, incluyendo varios recursos ante este foro apelativo, y en lo aquí pertinente, el 25 de octubre de 2023 el recurrido notificó a la señora Sáez Ortiz un Requerimiento de Admisiones al tenor de la Regla 33 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 33. El 27 de octubre siguiente, la peticionaria instó una moción solicitando se le **concediera hasta el 30 de noviembre para responder dicho requerimiento**.[1] Ese mismo día, el TPI dictó una *Orden* concediendo lo solicitado.[2]

El 13 de diciembre de 2023, el recurrido presentó una moción informando que la señora Sáez Ortiz incumplió con la extensión del plazo concedido por el tribunal para presentar la respuesta al Requerimiento de Admisiones.  Así, solicitó que dieran por admitidas las cuestiones incluidas en este.[3]

En contestación a dicho pedido, el 14 de diciembre de 2023, la recurrida instó una *Breve Réplica a Moción de Orden* donde expuso que "tiene listo y solo faltaba notarizar las contestaciones de la señora Sáez." "**Esta parte solicita hasta el 22 de diciembre para someter las contestaciones juramentadas**."[4]

El 2 de enero de 2024, el foro *a quo* dictó una Orden otorgando a la peticionaria hasta el 15 de enero para acreditar que contestó el Requerimiento de Admisiones antes del 22 de diciembre de 2023, según solicitado.[5] El 8 de enero, la señora Sáez Ortiz cumplió con lo ordenado y en su escrito puntualizó que "no fue hasta hoy que se

---

[1] Véase el Apéndice del Recurso, a la pág. 20.
[2] Véase el Apéndice de la *Oposición a Expedición de Certiorari*, a la pág. 1.  El dictamen fue notificado el 30 de octubre.
[3] *Íd.*, a la pág. 2.
[4] Véase el Apéndice del Recurso, a la pág. 28. Énfasis nuestro.
[5] *Íd.*, a la pág. 30.

pudieron notarizar y remitir."[6] El 11 del mismo mes, el señor Hatton Rentas presentó una moción advirtiendo que la peticionaria incumplió con la *Orden* del TPI por lo que reiteró que se dieran por admitidas los asuntos comprendidos en el Requerimiento de Admisiones.[7]

Así las cosas, el 21 de febrero de 2024, el foro recurrido dictó la *Orden* objetada en la que dio por admitidas las cuestiones incluidas en el Requerimiento de Admisiones. Esta se notificó el 22 de febrero siguiente. Este mismo día, la peticionaria instó una reconsideración exponiendo que el TPI debía revisar el dictamen debido a que el requerimiento se contestó y las partes estaban en el proceso de atender las objeciones a las contestaciones. El señor Hatton Rentas se opuso a lo expresado y advirtó que la peticionaria incumplió con el plazo concedido por el tribunal para presentar las respuestas y; además, argumentó, entre otros asuntos, que el proceso de atender las objeciones no limita que se solicite remedio alguno por el incumplimiento con la Regla 33 de las de Procedimiento Civil, *supra.*

Examinados ambos escritos, el 22 de febrero de 2024, notificada el 1 de marzo, el TPI emitió una Resolución declarando *No Ha Lugar* a dicho petitorio.

Todavía inconforme, la señora Sáez Ortiz acude ante esta *Curia* mediante el recurso del epígrafe imputándole al foro primario que incurrió en el siguiente error:

> ERRÓ EL TPI, Y ABUSÓ DE SU DISCRECIÓN, AL DAR POR ADMITIDO UN REQUERIMIENTO DE ADMISIONES QUE YA HABÍA SIDO CONTESTADO, EL CUAL LA PARTE DEMANDANTE HABÍA OBJETADO, SUS OBJECIONES HABÍAN SIDO CONTESTADAS Y ESTABAN LAS PARTES HACIENDO ESFUERZOS PARA ATENDER LOS ASUNTOS CONFORME LA REGLA 34 DE PROCEDIMIENTO CIVIL. LA CONDUCTA DEL TPI TAMBIÉN ES EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

---

[6] *Íd.,* a la pág. 31.
[7] Véase el Apéndice de la *Oposición a Expedición de Certiorari,* a la pág.7.

El 4 de abril de 2024, emitimos una *Resolución* concediendo a la parte recurrida el término de diez (10) días para expresarse. El 8 de abril se cumplió lo ordenado mediante la *Oposición a Expedición de Certiorari.* Así, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.[8]

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

***Certiorari***

Todo recurso de *certiorari* presentado ante nuestra consideración debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil (32 LPRA Ap. V. R. 52.1). La referida norma dispone como sigue:

> Todo procedimiento de apelación, *certiorari,* certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido** por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias** dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, *supra.* [Énfasis Nuestro].

---

[8] El 4 de abril de 2024 la peticionaria presentó una *Moción para Informar Notificación,* de la que nos damos por enterados.

Aún cuando un asunto esté comprendido dentro de las materias que podemos revisar, de conformidad con la Regla 52.1 de las de Procedimiento Civil, *supra*, previo a ejercer debidamente nuestra facultad revisora sobre un caso, es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento (4 LPRA Ap. XXII-B) se justifica nuestra intervención, pues distinto al recurso de apelación, **este tribunal posee discreción para expedir el auto** el *certiorari. Feliberty v. Soc. de Gananciales,* 147 DPR 834, 837 (1999). Por supuesto esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).[9] Así, pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Íd.*[10]

A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari. I.G. Builders et al. v. BBVAPR, supra.* Dicha regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[9] Citas omitidas.
[10] Citas omitidas.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, **si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra** el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

### III.

En esencia, la peticionaria señaló que el TPI erró al dar por admitido un Requerimiento de Admisiones que ya había sido contestado. Ello, a su entender en violación al debido proceso de ley.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra.* De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente. Del propio recurso surge que la peticionaria impugna un dictamen relativo con el descubrimiento de prueba no susceptible de ser revisado ante esta *Curia.* Tampoco nos encontramos ante un asunto que revista de interés público o que esperar a la apelación constituya un fracaso irremediable de la justicia.

De otro lado, aún si el asunto estuviese comprendido en las instancias de la Regla 52.1 de las de Procedimiento Civil, *supra,* no están presentes los criterios de la Regla 40 de nuestro Reglamento, *supra,* ni de los planteamientos presentados surge fundamento alguno que nos mueva a intervenir con el dictamen emitido. Al respecto, no se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la peticionaria.

Al respecto, destacamos carece de fundamento en derecho cualquier alegación al debido proceso de ley cuando la propia peticionaria solicitó al foro recurrido una extensión de término para presentar las contestaciones al Requerimiento de Admisiones. La extensión le fue concedida sin dilación y posteriormente incumplió.

Por otra parte, precisa señalar, que los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA*, 142 DPR 117, 141-142 (1996).

En fin, toda vez que el dictamen recurrido no está comprendido dentro del marco de las decisiones interlocutorias revisables, según dispone la Regla 52.1 antes citada, y no estando presentes los criterios de la Regla 40, denegamos el auto solicitado.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones