Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SABANERA RESIDENTIAL HOLD, LLC<br><br>*Recurrida*<br><br>v.<br><br>LUCAS EMANUEL URIA THEIS, LARA ELYSE URIA THEIS<br><br>*Peticionarios* | KLCE202500385 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV01703<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Comparecen, sin someterse a la jurisdicción de este Tribunal, Lucas Emanuel Uria Theis y Laura Elyse Uria Theis, (en conjunto, los peticionarios), mediante recurso de *Certiorari,* donde solicitan la revocación de la *Orden* emitida el 16 de marzo de 2025 y notificada el 17 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido). Mediante esta, el foro recurrido ordenó a los peticionarios a cumplir con la Regla 9.1 de Procedimiento Civil y la Regla 21 de las Reglas para la Administración del Tribunal de Primera Instancia, referente a que el abogado o abogada debe notificar la dirección física y postal y número de teléfono de la parte que representa, en un término de cinco (5) días.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *Certiorari.*

### I.

Acogemos los hechos esbozados en la *Sentencia* emitida por nuestro panel el 8 de noviembre de 2024, en la cual ordenamos al

TPI que adjudicara si adquirió jurisdicción sobre los peticionarios o, en la contraria, existió un defecto en el emplazamiento que provocara la nulidad de la *Sentencia*.

Así las cosas, y relacionado con la controversia pendiente a resolver, el 17 de enero de 2025, el TPI emitió una *Orden Procesal*[1] en la cual señaló una vista argumentativa a tenor con lo resuelto por el Tribunal de Apelaciones. Posteriormente, el 7 de marzo de 2025, el foro recurrido emitió una *Sentencia*[2], donde declaró *Ha Lugar* la *Solicitud de Paralización y en Oposición a Mociones de Embargo* presentada por los peticionarios. De igual forma, declaró nula la *Sentencia* emitida por el foro recurrido al concluir que no se adquirió jurisdicción sobre la persona, ya que la parte recurrida incumplió con los requisitos del emplazamiento por edictos al omitir enviar la notificación por correo certificado a la última dirección conocida de los peticionarios o, en la alternativa, exponer el motivo para eximirlos del cumplimiento de este requisito.

Posteriormente, el 12 de marzo de 2025, Sabanera Residential Hold, LLC (Sabanera o recurrida) presentó una *Solicitud de Orden de Cumplimiento con Regla 9.1 de Procedimiento Civil*[3], debido a que los peticionarios incumplieron con la norma que establece que "en el primer escrito que presente el abogado o abogada, deberá notificar la dirección física y postal y el número de teléfono de la parte que representa"[4].

Así pues, el 16 de marzo de 2025, y notificada el 17 de marzo de 2025, el TPI emitió una *Orden*[5] en la cual concedió a los peticionarios un término de cinco (5) días para que cumplieran con la Regla 9.1 de Procedimiento Civil y la Regla 21 de las Reglas para la Administración del TPI. Además, advirtió que "la representación

---

[1] Apéndice del recurso de *Certiorari*, págs. 38-41.
[2] Apéndice del recurso de *Certiorari*, págs. 42-55.
[3] Apéndice del recurso de *Certiorari*, págs. 56-58.
[4] 32 LPRA Ap. V, R. 9.1.
[5] Apéndice del recurso de *Certiorari*, págs. 59-60.

legal tiene la obligación de informarle al tribunal en la primera comparecencia: la dirección física y postal y el número telefónico de la parte que representa".

Consecuentemente, los peticionarios presentaron una *Moción de Reconsideración*[6], en la cual adujeron que el TPI no tenía jurisdicción sobre la persona y, por ende, no tenía jurisdicción para ordenar la notificación de la información solicitada.

A esos fines, el TPI emitió una *Resolución Interlocutoria*[7], en la cual declaró *No Ha Lugar* a la *Moción de Reconsideración* de los peticionarios. Además, expresó, que el cumplimiento de la Regla 9.1 de Procedimiento Civil y la Regla 21 de las Reglas para la Administración del TPI, no estaban supeditados a que el foro judicial adquiriera jurisdicción sobre la persona. De igual forma, dispuso que se trataban de normas generales aplicables a todos los casos y que correspondían a la notificación adecuada de las determinaciones judiciales.

Inconformes, el 11 de abril de 2025, los peticionarios comparecieron ante este foro intermedio apelativo mediante el recurso de epígrafe y plantearon los siguientes errores:

PRIMER ERROR: Erró el TPI al emitir una orden luego de haber determinado que no existe jurisdicción sobre la parte peticionaria, declarar nula la Sentencia y desestimar el pleito.

SEGUNDO ERROR: Erró el TPI a emitir una orden que incide sobre el privilegio abogado-cliente porque se pide información de quienes no son parte.

## II.

### -A-

El auto de *Certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de

---

[6] Apéndice del recurso de *Certiorari*, págs. 61-63.
[7] Apéndice del recurso de *Certiorari*, págs. 64-67.

Procedimiento Civil[8] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[9]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[10]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[11].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[12]. No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[13].
> [...]

---

[8] 32 LPRA Ap. V, R. 52.1.
[9] 4 LPRA Ap. XXII-B, R.40.
[10] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[11] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[12] *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[13] 32 LPRA Ap. V, R. 52.1.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[14], para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *Certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *Certiorari*[15]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[16].

**-B-**

La Regla 56.1 de Procedimiento Civil dispone que "[e]n todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia"[17]. Esta regla corresponde a los remedios que tiene el demandante para que pueda

---

[14] 4 LPRA Ap. XXII-B, R. 40.
[15] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[16] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).
[17] 32 LPRA Ap. V, R. 56.1.

cobrar la sentencia dictada a su favor o la que se anticipa a obtener[18].

Por otro lado, sobre el privilegio abogado-cliente la Regla 503(b) de las Reglas de Evidencia de Puerto Rico establece que "(b) el o la cliente —sea o no parte en el pleito o acción— tiene el privilegio de rehusar revelar, y de impedir que otra persona revele, una comunicación confidencial entre ella y su abogada o abogado"[19]. Esta regla define la comunicación confidencial como:

> Aquélla habida entre una abogada o un abogado y su cliente en relación con alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquéllas que sea necesario para llevar a efecto los propósitos de la comunicación[20].

El Tribunal Supremo de Puerto Rico ha establecido que esta definición plantea cuatro (4) conceptos 1) una comunicación entre el abogado y su cliente; 2) que se relacione con una gestión profesional o forme parte de un asesoramiento legal; 3) que la comunicación se realizó bajo la creencia que no se divulgará a terceros; 4) salvo de aquellas personas que hacen necesaria la divulgación para efectuar el propósito de la comunicación[21].

Finalmente, pertinente a la controversia que nos ocupa, la Regla 9.1 de Procedimiento Civil dispone que:

> Cuando la parte en el pleito tenga representación legal, todo escrito será firmado al menos por un abogado o abogada de autos, quien incluirá en el escrito su nombre, su número de abogado(a) ante el Tribunal Supremo de Puerto Rico, número de teléfono y número de fax, y su dirección postal y dirección electrónica, según consten en el registro del Tribunal Supremo de Puerto Rico. Además, **en el primer escrito que presente el abogado o abogada, deberá notificar la dirección física y postal y el número de teléfono de la parte que representa**[22].

De igual manera, la Regla 21 del Reglamento para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999 dispone que "[e]n el primer escrito

---

[18] *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487-488 (2019).
[19] 32 LPRA Ap. V, R. 503 (b).
[20] *Íd.,* (a) (4).
[21] *Pagán v. First Hospital,* 189 DPR 509, 533 (2013).
[22] 32 LPRA Ap. V, R. 9.1 (énfasis suplido).

que presente el abogado o la abogada, deberá notificar la dirección física y postal y el teléfono de la parte que representa"[23].

## III.

Tras examinar la orden emitida por el TPI a la luz de la Regla 52.1 de Procedimiento Civil, *supra,* y las disposiciones de la Regla 40 de nuestro Reglamento, *supra,* entendemos que no procede nuestra intervención en la orden impugnada. Ante los hechos que presenta este caso, no consideramos que la determinación del foro primario haya sido errónea, ya que la información solicitada no se considera una comunicación privilegiada a la luz de la Regla 503 de las Reglas de Evidencia[24]. El requisito de la Regla 9.1 de Procedimiento Civil, *supra,* responde a la necesidad de la notificación adecuada a las partes. La misma establece claramente que el representante legal de la parte, independientemente que sea parte nominal o parte en el pleito, debe proveer esta información en su primera comparecencia. Finalmente, esta *Orden* no tiene ninguna consecuencia en la efectividad o ejecución de la sentencia dictada. No surge que el foro primario haya actuado de forma prejuiciada o parcializada, ni que incurriera en un craso abuso de discreción o que se equivocara en la aplicación de la norma jurídica. La parte peticionaria tampoco constató que abstenernos de interferir con el dictamen del TPI constituiría un fracaso irremediable de la justicia, de manera que estemos llamados a ejercer nuestra función revisora. Por consiguiente, colegimos que no procede la expedición del auto solicitado.

## IV.

Por los fundamentos antes expuestos, se ***deniega*** la expedición del auto de *Certiorari* solicitado.

Notifíquese.

---

[23] 4 LPRA Ap. II-B, R. 21.
[24] 32 LPRA Ap. VI, R. 503.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| SABANERA RESIDENTIAL HOLD, LLC<br>Recurrida<br><br>v.<br><br>LUCAS EMANUEL URIA THEIS, LARA ELYSE URIA THEIS<br>Peticionarios | KLCE202500385 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV01703<br><br>Sobre:<br>Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## VOTO DISIDENTE DEL JUEZ NERY E. ADAMES SOTO

Una vez el Tribunal de Primera Instancia determinó que no tenía jurisdicción sobre la persona del peticionario de epígrafe, mediante la Resolución de 7 de marzo de 2025, carecía radicalmente del poder de ordenar cualquier remedio contra dicha parte, que no fuera desestimar la causa de acción en su contra. Después de todo, es trillada la expresión de que la jurisdicción es el poder o la autoridad que ostenta un tribunal para resolver los casos y las controversias que tienen ante sí, *Cobra Acquisitions, LLC., v. Mun. De Yabucoa*, 210 DPR 384 (2022); *Terrenos v. Ponce Bayland*, 207 DPR 586 (2021). Si el Tribunal determina que no tiene jurisdicción sobre una persona, ello necesariamente supone que carece de autoridad o poder para hacer determinaciones sobre los derechos y obligaciones de dicha persona. *Trans-Oceanic Life, Inc. v. Oracle Corp.*, 18 DPR 689 (2012). Además, la parte demandada, aquí peticionaria, en forma alguna viene obligada a cooperar con el demandante en la realización de su emplazamiento, si tal fuera el propósito de la solicitud para que este diera su dirección postal o

telefónica.  Ver, R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed. LexiNexis, pág. 221.

En definitiva, juzgo que el Tribunal de Primera Instancia carecía de poder para emitir una Orden contra la parte peticionaria, cuando previamente se había declarado sin jurisdicción sobre su persona, aunque fuera con el propósito de que este hiciera constar su dirección física y postal. Por ello, hubiese expedido el recurso de *certiorari* en este caso, y revocado la determinación recurrida. Ante lo cual, muy respetuosamente disiento del curso decisorio elegido por mis estimados compañeros jueces de Panel.

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Nery Enoc Adames Soto
Juez de Apelaciones