ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JAVIER J. ABREU DEL PILAR<br><br>PETICIONARIO<br><br>V.<br><br>LISDEIMAR ALICEA TOLEDO<br><br>RECURRENTE | KLCE202500646 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Bayamón<br><br>Caso Número: GB2025RF00007<br><br>Sobre: Divorcio; Hogar Seguro |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 18 de agosto de 2025.

**I.**

El 4 de febrero de 2025, el Sr. Javier J. Abreu Del Pilar (peticionario) instó una Demanda de divorcio por ruptura irreparable, custodia y fijación de pensión alimentaria. Subsiguientemente, el 20 de febrero de 2025, la Sra. Lisdeimar Alicea Toledo (recurrida) presentó la Contestación a Demanda.

Así las cosas, el 25 de febrero de 2025, la parte recurrida presentó una Solicitud de Hogar Seguro. En síntesis, solicitó que se designe el hogar seguro de los menores en la única propiedad en que ambos progenitores son titulares. Indicó, además, que la dueña de la propiedad donde actualmente residen ha informado su intención de disponer de la residencia. Explicó que el apartamento familiar, en el cual ambas partes son titulares, se encuentra alquilado y que informaría a la inquilina la necesidad que desaloje la propiedad en un término de sesenta (60) días. Finalmente, añadió que el costo mensual entre ambas propiedades es similar, por lo que no existiría una diferencia en la pensión de los menores.

Número identificador

RES2025_____

Consecuentemente, el 10 de marzo de 2025, el peticionario presentó una Moción en Oposición a Solicitud de Hogar Seguro y Solicitud de Vista. A grandes rasgos, alegó que la parte recurrida no cumplió con los criterios para la adjudicación de hogar seguro, por lo que se opone. Afirmó que la propiedad sobre la cual la recurrida solicita hogar seguro, no es la residencia principal. Así pues, enunció que el uso y destino de dicha propiedad durante la vigencia del matrimonio es el alquiler y actualmente está alquilada. Agregó que la vivienda actual de los menores paga $3,000.00 mensuales y el apartamento que se solicita como hogar seguro se alquila por $3,700.00 mensuales, lo que causa un grave perjuicio económico que disminuye los ingresos de las partes para proveerles a sus hijos, por lo que no estaría disponible el ingreso por alquiler.

El 19 de marzo de 2025, el Tribunal de Primera Instancia (TPI o foro primario) llevó a cabo una Vista mediante la cual, entre otras cosas, se ordenó a la Unidad Social que emitiera un Informe Social, que incluya evaluaciones psicológicas y psiquiátricas de todos los miembros de la familia, con evaluación de capacidades protectoras y presuntas conductas de enajenación parental. Posteriormente, el 31 de marzo de 2025, el foro primario dictó Sentencia mediante la cual decretó roto y disuelto el vínculo matrimonial.

El 28 de abril de 2025, se celebró una Vista para atender el asunto del hogar seguro. Oportunamente, el 9 de mayo de 2025, notificada el 12 de mayo de 2025, el TPI emitió una Resolución y Orden. Mediante esta, el foro primario declaró Con Lugar la Solicitud de Hogar Seguro presentada por la parte recurrida. Específicamente, el TPI sostuvo que la prueba presentada demostró que el apartamento del Condominio Capitolio Plaza fue la vivienda familiar. Asimismo, determinó que desde su adquisición dicho apartamento fue la residencia principal de las partes y sus hijos y que los menores lo consideran como su hogar. Por otra parte, el foro primario señaló

que la prueba aportada descartó las preocupaciones relacionadas al posible hacinamiento. Concluyó que la Unidad Social debe evaluar el apartamento e indicar cuales medidas de seguridad son necesarias implementar para garantizar la integridad física del menor G.A.A.A.

Inconforme, el 11 de junio de 2025, el peticionario compareció ante nos mediante un recurso de Certiorari. Plantea que:

i. **Erró el Honorable Tribunal de Primera Instancia al conceder la designación de Hogar Seguro del apartamento 2805 de Capitolio Plaza, inmueble que no ha sido residencia familiar desde febrero del año 2021 conforme el uso y destino de la vivienda durante el matrimonio y luego de la separación de las partes, sin contar con una evaluación de especialistas al menor G.A.A.A. que emitan recomendaciones al Tribunal sobre medidas cautelares en cuanto asuntos como cambio de residencia, actuando la Corte en contra de sus propias Órdenes y Determinaciones previas.**

ii. **Erró el Honorable Tribunal de Primera Instancia al adjudicar hechos incontrovertidos que son contrarios a la prueba acumulada en el caso, basado en aspectos de credibilidad de la madre custodia, a pesar de que la testigo fue impugnad[a] en Corte, lo que constituye un error en la apreciación y adjudicación de la prueba.**

En igual fecha, la parte peticionaria presentó una Moción Solicitando Término para Entregar Apéndice. El 12 de junio de 2025, la parte peticionaria presentó una Moción Evidencia Notificación Tribunal Superior y una Moción en Auxilio. Ese mismo día, emitimos una Resolución mediante la cual se declaró No Ha Lugar la solicitud de auxilio de jurisdicción y se le concedió un término de veinte (20) días a la parte recurrida para presentar su posición al recurso. El 27 de junio de 2025, la parte recurrida presentó el Alegato de la Parte Recurrida.

**II.**

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar

las determinaciones del tribunal recurrido.[1] En particular, la Regla 52.1 de Procedimiento Civil[2] establece nuestro marco de autoridad y prohíbe intervenir en las determinaciones interlocutorias dictadas por el Tribunal de Primera Instancia salvo limitadas excepciones.[3] En lo que nos atañe, esta regla dispone, en lo pertinente, que: el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primer Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de: (1) una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil; (2) de una denegatoria de una moción de carácter dispositivo; y, (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y, (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así pues, el auto de *certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Así, "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos".[4] Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[5] Esto, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[6]

---

[1] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023).
[2] 32 LPRA Ap. V, R. 52.1.
[3] *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478 (2019).
[4] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra.*
[5] *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020); *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001).
[6] *Pueblo v. Rivera Montalvo, supra; Pueblo v. Custodio Colón*, 192 DPR 567 (2015).

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*.[7] A esos efectos, la regla antes mencionada dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En ese sentido, el *certiorari* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[8] La denegatoria de expedir un auto de *certiorari*, no constituye una adjudicación en los méritos, es el ejercicio de nuestra facultad discrecional para no intervenir a destiempo con el trámite pautado por el foro de instancia.[9]

---

[7] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).
[8] *Pérez v. Tribunal de Distrito*, 69 DPR 4 (1948).
[9] Regla 40 del Reglamento del Tribunal *de* Apelaciones, *supra. Feliberty v. Soc. de Gananciales*, 147 DPR 834 (1999).

Además, como se sabe, el tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como foro apelativo intermedio, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[10]

### III.

Luego de examinado el recurso ante nuestra consideración, no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra.

### IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *García v. Asociación,* 165 DPR 311 (2005).